# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

**ANDRE WILLIAMSON,**

    **Plaintiff,**

**v.**                                               **Case No. 2:19-cv-00405**

**WARDEN AMES,** *et al.***,**

    **Defendants.**

## **ORDER**

On May 24, 2019, the plaintiff filed a Complaint under 42 U.S.C. § 1983 asserting claims under the Eighth Amendment arising out of his assault by another prisoner at the Mount Olive Correctional Complex. (ECF No. 1). The plaintiff paid the applicable $400 filing fee, but has not demonstrated service of the summonses on any of the defendants. The undersigned has determined that a status conference is necessary in this matter.

Accordingly, it is hereby **ORDERED** that a status conference shall be held on **Wednesday, March 11, 2020, at 11:00 a.m. in Courtroom 5400, Robert C. Byrd Courthouse, 300 Virginia Street East, Charleston, West Virginia.** It is further **ORDERED** that **the plaintiff shall participate by video from the Mount Olive Correctional Complex.** Arrangements for the video conference will be made with the prison by the undersigned's staff. As there is no proof of service of process, no defendants or their representatives are required to attend.

Pending before the court are the plaintiff's Motion for Appointment of Counsel (ECF No. 8) and a "Motion for the Court (Order and Notice) Certification Demonstrating"

(ECF No. 10). The appointment of counsel to represent pro se plaintiffs in civil actions is governed by 28 U.S.C. § 1915(e)(1), which states, in pertinent part: "[t]he court may request an attorney to represent any person unable to afford counsel." It is clear that the plaintiff has no constitutional right to counsel in this civil action, and appointment of counsel rests within the discretion of the court. A denial of a plaintiff's request for appointment of counsel constitutes an abuse of the court's discretion only if the plaintiff's case presents "exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984) (abrogated on other grounds by *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989)).

To determine whether exceptional circumstances exist, the court must consider (1) the type and complexity of the case, and (2) the abilities of the person bringing the action. *Id.* at 163. The United States Court of Appeals for the Fourth Circuit has held, "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1173 (4th Cir. 1978).

Based upon the documents filed by the plaintiff herein, the undersigned **FINDS** that there are presently no exceptional circumstances that would warrant the court seeking counsel to represent the plaintiff. Accordingly, it is hereby **ORDERED** that the plaintiff's Motion for Appointment of Counsel (ECF No. 8) is **DENIED WITHOUT PREJUDICE**.

The plaintiff's second "motion" (ECF No. 10) appears to contain a clarification of the basis of his claims against each defendant. However, the motion document further appears to be responding to the undersigned's Order and Notice entered on June 20, 2019 (ECF No. 5), directing the plaintiff to provide certification concerning service of process

on each defendant, for which he was responsible. Presently, however, the plaintiff has not provided such proof of service. The undersigned believes that the plaintiff misunderstood the court's instructions and the court will address the issue of service of process at the upcoming status conference. Accordingly, to the extent that the document contained in ECF No. 10 is styled and docketed as a motion, it is hereby **ORDERED** that the motion is **DENIED WITHOUT PREJUDICE** pending clarification at the status conference.

The Clerk is directed to mail a copy of this Order to the plaintiff. The undersigned's staff will provide a copy of this Order to the prison's records department for coordination of the video conference.

ENTER: March 6, 2020

Dwane L. Tinsley
United States Magistrate Judge