IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANDRE WILLIAMSON,

        Plaintiff,

v.                          CIVIL ACTION NO. 2:19-cv-00405

WARDEN AMES, et al.,

        Defendants.


ANDRE WILLIAMSON,

        Plaintiff,

v.                          CIVIL ACTION NO. 2:20-cv-00375

MOUNT OLIVE CORRECTIONAL
CENTER,

        Defendant.


**PROPOSED FINDINGS & RECOMMENDATION**

        The above-styled matters are assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and they are referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 2.)[1] By Order and Notice dated June 30, 2020, the two cases were consolidated, and Civil Action No. 2:19-cv-00405 was designated as the lead case. (ECF No. 21.) Before this Court is the motion

---

1 The docket numbers given pertain to Civil Action No. 2:19-cv-00405 unless otherwise noted herein.

to dismiss filed by Defendants Warden Ames ("Ames"), Col. Frame ("Frame"), Betsy Jividen ("Jividen"), and Sgt. Perkins ("Perkins") in Civil Action No. 2:19-cv-00405. (ECF No. 29.) For the reasons explained more fully herein, it is respectfully **RECOMMENDED** that the motion to dismiss (ECF No. 29) be **GRANTED** and that Civil Action No. 2:20-cv-00375 also be **DISMISSED**.

I. BACKGROUND

Plaintiff presumably brings Civil Action No. 2:19-cv-00405 pursuant to 42 U.S.C. § 1983, alleging that Ames, Frame, Jividen, and Perkins violated his rights under the federal Constitution's Eighth Amendment by allowing another inmate to assault him on May 12, 2019. (ECF No. 16.) He avers that he filed grievances and wrote letters to Ames, Frame, and Jividen warning them "that officers had issued threats of assault," but Perkins "did not try to stop the assault," and an unknown correctional officer electronically opened his cell door to allow the other inmate to enter. (*Id.*) He further alleges that he was relocated to the same unit with the inmate who assaulted him and "he was called names" and subject to intimidation and "no one step [sic] in to help." (*Id.*) He seeks compensatory and punitive damages and a transfer from the facility where he is presently incarcerated. (*Id.*)

Plaintiff later wrote a letter to the presiding District Judge in these matters that was docketed as a letter-form complaint in Civil Action No. 2:20-cv-00375. (ECF No. 1.) The letter-form complaint alleges that "it's got worst [sic]" since the correctional officers were served with his complaint in Civil Action No. 2:19-cv-00405 and that Plaintiff had written to Jividen, Ames, and Jeff Sandy, the Cabinet Secretary of the West Virginia Department of Homeland Security, "over the last two years," but none of them responded

to his correspondence. (*Id.*) Plaintiff requests that the presiding District Judge "send some one [sic] to help [him]." (*Id.*)

After Plaintiff informed this Court that he did not intend to file an additional case (*see* ECF Nos. 19, 20), Civil Action Nos. 2:19-cv-00405 and 2:20-cv-00375 were consolidated (ECF No. 21). The undersigned then ordered service of process on the individual named defendants in Civil Action No. 2:19-cv-00405 and directed that Defendant Mount Olive Correctional Center, which is the only named defendant in Civil Action No. 2:20-cv-00375, be terminated as a party because it was not named in the amended complaint in Civil Action No. 2:19-cv-00405. (ECF No. 22; *see* ECF No. 16.)

Ames, Frame, Jividen, and Perkins filed their presently pending motion to dismiss on October 30, 2020. (ECF No. 29.) Plaintiff timely responded (ECF No. 33),[2] and Ames, Frame, Jividen, and Perkins timely replied (ECF No. 34). As such, the motion to dismiss is fully briefed and ready for resolution.

## II.   ANALYSIS

### A. *Civil Action No. 2:20-cv-00375 should be dismissed because Plaintiff has indicated that he does not intend to pursue it.*

After Plaintiff's letter-form complaint was docketed in Civil Action No. 2:20-cv-00375 on June 3, 2020 (ECF No. 1), he was ordered to file an amended complaint "to specifically set forth his constitutional claims and state specific facts as to how each defendant violated his constitutional rights" (ECF No. 3 at 4–5). He then wrote a letter to the Clerk of this Court stating that he had already filed an amended complaint in Civil

---

2 To the extent that Plaintiff, in his brief in opposition to the motion to dismiss, purports to allege additional claims (*see* ECF No. 33 at 2), "parties cannot amend their complaints through briefing or oral advocacy," *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013).

3

Action No. 2:19-cv-00405 and paid his filing fee in full and asserting that "it's a mix's [sic] up with the Case No. 2:20-cv-00375." (ECF No. 5.) He also wrote a letter to the undersigned and stated, "I was post [sic] to send you a new complaint wich [sic] I did now the complaint got this Case No# 2:20-cv-00375 was post [sic] to go to you . . . I'm so sorry for that can you fix this for me." (ECF No. 6.) These letters demonstrate that Plaintiff did not intend to file another civil action and plans to prosecute only Civil Action No. 2:19-cv-00405. As such, the undersigned respectfully **RECOMMENDS** that Civil Action No. 2:20-cv-00375 be **DISMISSED**.

> B. *Civil Action No. 2:19-cv-00405 should be dismissed because the amended complaint fails to plead facts sufficient to state a claim against any of the defendants.*

Among other reasons, Ames, Frame, Jividen, and Perkins move to dismiss Plaintiff's amended complaint in Civil Action No. 2:19-cv-00405 because it does not establish liability against them. (ECF No. 30 at 6–8.) In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, to withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

4

the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585). This Court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted).

The federal Constitution's Eighth Amendment "protects a convicted inmate from physical harm at the hands of fellow inmates resulting from the deliberate or callous indifference of prison officials to specific known risks of such harm." *Pressly v. Hutto*,

816 F.2d 977, 979 (4th Cir. 1987) (citing *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979)). To state a failure-to-protect claim against a prison official, the incarcerated plaintiff must plead facts demonstrating that he suffered "a serious or significant physical or emotional injury" or "a substantial risk thereof" and that the defendant prison official "had a 'sufficiently culpable state of mind.'" *Raynor v. Pugh*, 817 F.3d 123, 127–28 (4th Cir. 2016).

Even assuming Plaintiff's amended complaint adequately pleads the first element, it fails to plead the second. A prison official has been deliberately indifferent if he "knew of and disregarded an excessive risk to inmate health or safety." *Danser v. Stansberry*, 772 F.3d 340, 347 (4th Cir. 2014) (alterations omitted) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Key here, "the official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* (quoting *Farmer*, 511 U.S. at 837). With regard to Ames, Frame, and Jividen, Plaintiff alleges that he "mailed letters to [them] stating that officers had issued threats of assault" and that they, "knowing [his] life was in Danger," did not "help him of [sic] talk to [him] about his grievances or letters about Assault." (ECF No. 16 at 1, 3.) These conclusory allegations, which are void of factual detail about the nature of the threats, are insufficient to show that Ames, Frame, and Jividen subjectively "had actual knowledge of an excessive risk to the plaintiff's safety." *Danser*, 772 F.3d at 347 (quoting *Farmer*, 511 U.S. at 837). That Plaintiff allegedly wrote letters to the defendant prison officials, without more, cannot sustain his failure-to-protect claims against them. *See Hill v. Sturgis*, No. GJH-18-3185, 2019 WL 4597999, at *9 (D. Md. Sept. 23, 2019) (holding that "the unknown contents of a letter to" defendant prison official failed to establish failure-to-protect claim); *Cato v. Bondurant*, No. 7:05-cv-00070, 2006 WL

6

278553, at *2 (W.D. Va. Feb. 2, 2006) (holding that even if defendant prison officials received letters from inmate, plaintiff "failed to establish that the defendants knew that [another inmate] presented a threat to the plaintiff's safety"). And there are no allegations in the amended complaint showing that Perkins had any knowledge at all about the alleged assault, even while it was happening—only that he "Did Not try to stop" it and "was demoted . . . after the Incedent [sic]." (ECF No. 16 at 1, 3.)

Because Plaintiff's amended complaint fails to set forth an Eighth Amendment violation against the defendants, the undersigned respectfully **RECOMMENDS** that their motion to dismiss (ECF No. 29) be **GRANTED** and that Civil Action No. 2:19-cv-00405 be **DISMISSED**.

### III.    *RECOMMENDATION*

For the reasons stated herein, it is respectfully **RECOMMENDED** that the motion to dismiss filed by the defendants in Civil Action No. 2:19-cv-00405 (ECF No. 29) be **GRANTED** and that Civil Action No. 2:20-cv-00375 also be **DISMISSED**.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Copies of any objections shall be provided to the opposing party or, if it is represented by counsel, to its

counsel, and to Judge Johnston.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

ENTER: June 16, 2021

Dwane L. Tinsley
United States Magistrate Judge