IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANDRE WILLIAMSON,

        Plaintiff,

v.                                                        CIVIL ACTION NO. 2:19-cv-00405
                                                                          2:20-cv-00375

WARDEN AMES, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Motion to Dismiss. (ECF No. 29.) Defendants seek the dismissal of pro se Andre Williamson's ("Plaintiff") Amended Complaint, (ECF No. 16). By Standing Order entered in this case on May 214, 2019, this matter was referred to Magistrate Judge Dwayne L. Tinsley for the submission of findings of fact and a recommendation for disposition. (ECF No. 3.) Magistrate Judge Dwayne Tinsley submitted the Proposed Findings and Recommendation ("PF&R") on June 16, 2021, in which he recommends granting Defendants' motion to dismiss and dismissing the Amended Complaint for failing to state a claim upon which relief may be granted. (ECF No. 38.) Finally pending before the Court are Plaintiff's Objections to the PF&R, (ECF No. 39), submitted in this case on June 24, 2021. For the reasons more fully explained below, the Court **ADOPTS** the PF&R, (ECF No. 38); **OVERRULES** Plaintiff's objections, (ECF No. 39); **GRANTS** Defendants' Motion to Dismiss, (ECF No. 29); and **DISMISSES** Plaintiff's Amended Complaint, (ECF No. 16).

I. BACKGROUND

A detailed recitation of the facts alleged in Plaintiff's Amended Complaint may be found in the PF&R and thus need not be repeated here. At all times relevant here, Plaintiff was an inmate at the Mount Olive Correctional Complex in Mount Olive, West Virginia. (*See* ECF No. 16 at ¶ 1.) Plaintiff filed the original complaint in this matter on May 24, 2019. (ECF No. 1.) On March 18, 2020, and pursuant to Magistrate Judge Tinsley's Order and Notice, (ECF No. 15), Plaintiff filed his Amended Complaint. (ECF No. 16.)

On June 3, 2020, Plaintiff mailed a letter to the Court which was construed as a letter-form complaint and docketed in Civil Action No. 2:20-cv-00375. Plaintiff thereafter informed the Court that he did not wish to file an additional case, (ECF Nos. 19, 20), and Civil Action Nos. 2:19-cv-00405 and 2:20-cv-00375 were consolidated. (ECF No. 21.) Following this consolidation, Magistrate Judge Tinsley ordered that the Mount Olive Correctional Complex be terminated as a party, as it was not named in the Amended Complaint. (ECF No. 22.)

Then, on October 30, 2020, Defendants filed their motion to dismiss the Amended Complaint. (ECF No. 29.) Plaintiff submitted his response in opposition on December 3, 2020. (ECF No. 33.) Defendants timely replied on December 16, 2020. (ECF No. 34.) On June 16, 2021, Magistrate Judge Tinsley submitted his PF&R which recommends the dismissal of Plaintiff's Amended Complaint for a failure to state a claim upon which relief may be granted. (ECF No. 38.) Then, on June 24, Plaintiff submitted his objections. (ECF No. 39.)

## II. LEGAL STANDARD

### A. Standard of Review of the PF&R

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing those portions of the PF&R to which Plaintiff has objected, this Court will consider the fact that Plaintiff is acting pro se, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### B. Rule 12(b)(6) Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Allegations "must be simple, concise, and direct" and "[n]o technical form is required." Fed. R. Civ. P. 8(d)(1). A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a civil complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "[I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of*

*N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1356 (1990)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that "the defendant is liable for the misconduct alleged." *Id.* A motion to dismiss will be granted if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

### III. DISCUSSION

Plaintiff's objections to the PF&R are difficult to understand. First, Plaintiff apparently misapprehends the nature of the consolidation of his cases, stating "Now my case Nos[.] 2:19-cv-00405 and 2:20-cv-00375 was consolidated with 2:19-cv-00405 being the lead case so why my 2 [sic] Amended Complaint was not consolidate [sic] as one I'm doing my motion by hand im [sic] just going to not use it." (ECF No. 39 at 3.) He goes on to state, "All my motion and Amended Complaint was post [sic] to be consolidated as one on 6-30-2020[.]" (*Id.*) Plaintiff continues, "the Courts made a mistakes [sic] by not consolidated [sic] my Amended Complaint you can not consolidated [sic] my case and not use my complaits [sic] you can not pick wich [sic] to use if the cases was consolidated the complaints are one." (*Id.* at 3–4.)

4

Of course, this is what happened: Civil Action Nos. 2:19-cv-00405 and 2:20-cv-00375 were consolidated by order on June 30, 2020 and at the Plaintiff's direction. (*See* Civ. Action No. 2:20-cv-00375, ECF Nos. 5, 6.) Civil Action No. 2:19-cv-00405 was designated as the lead case, and thus Plaintiff's motions and amended complaint have been filed thereunder.

Presumably, Plaintiff's objections revolve around his letter-form complaint, (ECF No. 1), in Civil Action 2:20-cv-00375 not being considered within Civil Action No. 2:19-cv-00405. However, and as will be more thoroughly explained below, Plaintiff's letter does not save his claims from dismissal. Therefore, because Plaintiff himself indicated his desire to pursue Civil Action No. 2:19-cv-00405, Plaintiff's objection on this point is **OVERRULED** and Civil Action 2:20-cv-00375 is **DISMISSED**.

Next, Plaintiff apparently objects to Magistrate Judge Tinsley's finding that he has failed to plead sufficient factual allegations to state a claim upon which relief may be granted against any of the Defendants. First, Plaintiff asserts that pursuant to the Court's Order and Notice on March 12, 2020, (ECF No. 15), he was to file an amended complaint and "must identify to the best of the Plaintiff [*sic*] information and belief and the Plaintiff did name each individual as defendant it was mailed to the courts." (ECF No. 39 at 1 (emphasis in original).) Plaintiff goes on to restate the allegations in his complaint. (*Id.* at 2.) Namely, Plaintiff asserts that his "rights was violated under the federal constitution's Eighth Amendment by allowing another inmate to assault him in segregated isolation unit at Mount Olive Correctional Complex[.]" (*Id.* at 1–2.) Plaintiff continues to assert that "in segregated," inmates "must be handcuff and shackle at all times and at lest [*sic*] two correctional officers at the cell for it to be unlocked[.]" (*Id.* at 2.) Plaintiff maintains that he "mailed several grievances and letter [*sic*] to the Defendants," and that "all the

Defendants new [*sic*] Inmate Jacob Samples 3471012 [*sic*] was a danger to staff and inmates" because "he is a white supremacist gang leader."  (*Id.*) Plaintiff alleges that he was "physically harm[ed] at the hands of fellow inmates resulting from deliberate or callous indifference of prison officials to specific known risks of such harm[.]"  (*Id.* at 2.)  Plaintiff asserts that his amended complaint "states what all Defendants did" and that he did what "Magistrate [Judge] Tinsley told [him to] do]."  (*Id.*)  Liberally construing the above, the Court concludes that Plaintiff objects to Magistrate Judge Tinsley's finding that his amended complaint fails to plead sufficient factual allegations to support his claim.

"The Eighth Amendment's prohibition on 'cruel and unusual punishments' imposes certain basic duties on prison officials." *Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016).  These basic duties include "reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  This guarantee specifically includes the duty "to protect prisoners from violence at the hands of other prisoners," because "[b]eing violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society."  *Id.*  Yet, "not every injury suffered by a prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." *Makdessi v. Fields,* 789 F.3d 126, 133 (4th Cir. 2015) (internal quotation marks omitted).  In order for liability to attach, a plaintiff must satisfy a two-part test consisting of both an objective and subjective inquiry.  *Raynor*, 817 F.3d at 127.

The first prong of this test requires that the plaintiff "establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury, or a substantial risk thereof."  *Danser v. Stansberry,* 772 F.3d 340, 346–47 (4th Cir. 2014) (internal quotation marks

omitted); *see Farmer,* 511 U.S. at 834. This objective inquiry "requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling v. McKinney,* 509 U.S. 25, 36 (1993).

The second prong requires that a plaintiff show that the prison official had a "sufficiently culpable state of mind." *Raynor*, 817 F.3d at 127. This requires establishing that the official demonstrated "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834. To show deliberate indifference, a plaintiff must establish that "the prison official had actual knowledge of an excessive risk to the plaintiff's safety." *Danser*, 772 F.3d at 347. "The defendant must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference." *Raynor*, 817 F.3d at 128 (quoting *Farmer*, 511 U.S. at 837) (emphasis in original) (internal quotation marks omitted). Actual knowledge of a substantial risk may be shown "in the usual ways, including inference from circumstantial evidence." *Farmer*, 511 U.S. at 842. "Importantly, deliberate indifference is 'a very high standard.'" *Danser*, 772 F.3d at 347 (quoting *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999)).

With this framework in mind, the Court now turns to the allegations in Plaintiff's amended complaint. Plaintiff alleges that on May 12, 2019, an unknown corrections officer unlocked his cell door to allow an inmate to enter and assault him. (ECF No. 16 at ¶ 2.) Plaintiff alleges that at some point in time before the assault, he "filed several grievances" and "mailed letters" to prison officials "stating that officers had issued threats of assault." (*Id.* at ¶ 3.) Plaintiff goes on to assert that "Sgt. Perkins Did Not try to stop the assault[.]" (*Id.* at ¶ 4.) Further, in his letter-form

complaint, filed on Jun 3, 2020, Plaintiff alleged that since the service of his summons, "it's got worse [*sic*]." (*See* Civ. Action No. 2:20-cv-00375, ECF No. 1.) Plaintiff alleges that "Now they keep telling me it going to be reveng [*sic*] over the lawsuit Don't know one care about you [racial slur omitted]." (*Id.*)

Even liberally construing the above allegations, Plaintiff has failed to state a failure-to-protect claim. Even if the Court assumes that Plaintiff has sufficiently alleged the first element, a serious or significant physical or emotional injury, he has failed to establish the second prong. Again, the key to the second prong is pleading sufficient facts that "the official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference.'" *Raynor*, 817 F.3d at 128 (quoting *Farmer*, 511 U.S. at 837). Plaintiff has not alleged any factual details regarding the threats made against him or the contents of the grievances or letters sent to prison officials, a critical component in establishing actual knowledge. *See Farmer*, 511 U.S. at 841 (noting that evidence concerning "constructive notice" of a substantial risk is "anything but objective," and generally not sufficient proof to establish a deliberate indifference claim). *See also Hill v. Sturgis*, No. GJH-18-3185, 2019 WL 4597999, at *9 (D. Md. Sept. 23, 2019) (holding that "the unknown contents of a letter to" defendant prison official failed to establish actual knowledge in failure-to-protect claim); *Cato v. Bondurant*, No. 7:05-cv-00070, 2006 WL 278553, at *2 (W.D. Va. Feb. 2, 2006) (holding that even if defendant prison officials received letters from inmate, plaintiff "failed to establish that the defendants knew that [another inmate] presented a threat to the plaintiff's safety"). Here, Plaintiff has not pled sufficient allegations that would show that Defendants were aware that another inmate posed a threat to Plaintiff; that Defendants had actual knowledge of credible threats made by

officers against Plaintiff's safety; or that Defendants failed to take any action in light of that knowledge. His conclusory allegations that Defendants knew of the alleged threats to his safety and did not take action, without more, are insufficient to support his failure-to-protect claim. Because Plaintiff has not plead sufficient factual allegations to state a claim upon which relief may be granted, the Court **OVERRULES** Plaintiff's objections and **DISMISSES** the amended complaint.

### IV. CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the PF&R, (ECF No. 38); **OVERRULES** Plaintiff's objections, (ECF No. 39); **GRANTS** Defendants' Motion to Dismiss, (ECF No. 29); and **DISMISSES** Plaintiff's Amended Complaint, (ECF No. 16). The Clerk is further **DIRECTED** to remove this case from the Court's active docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 4, 2021

_____
THOMAS E. JOHNSTON, CHIEF JUDGE